**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5004**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICHARDE DANIEL CARTER, a/k/a Rickey Daniel
Wilkerson,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Richard L. Voorhees,
District Judge.  (CR-04-94)

Submitted:  August 31, 2006          Decided:  October 4, 2006

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark P. Foster, Jr., NIXON, PARK, GRONQUIST & FOSTER, P.L.L.C.,
Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert,
United States Attorney, Robert J. Gleason, Assistant United States
Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Richarde Daniel Carter appeals the ninety-month sentence imposed following his guilty plea for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000). We affirm.

Carter argues that the district court incorrectly applied the cross-reference to unlawful restraint, see U.S. Sentencing Guidelines Manual §§ 2K2.1(c)(1), 2A4.1(a) (2004), because the facts underlying the allegation of unlawful restraint were not established by reliable evidence. We find a preponderance of the evidence supports the cross-reference. See United States v. Crump, 120 F.3d 462, 468 (4th Cir. 1997); United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989).

Carter also asserts his sentencing enhancements were not factually supported in violation of his Sixth Amendment rights under United States v. Booker, 543 U.S. 220 (2005). In a post-Booker sentencing, like Carter's, a district court must calculate the applicable guideline range after making the appropriate findings of fact, consider the range in conjunction with other relevant factors under the guidelines and § 3553(a), and impose a sentence. United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006) (citing United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005)). In addition, "a district court need not explicitly discuss every § 3553(a) factor

on the record." <u>United States v. Eura</u>, 440 F.3d 625, 632 (4th Cir. 2006), <u>petition for cert. filed</u>, ___ U.S.L.W. ___ (U.S. June 20, 2006) (No. 05-11659).  We find Carter's sentence was reasonable. <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006).

We therefore affirm Carter's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>